## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

WARREN COLLINS,        )
)
       Movant,       )
)
v.               )      **CIVIL ACTION NO. 1:06-0490**
)      **(Criminal No. 1:02-00102)**
UNITED STATES OF AMERICA,  )
)
       Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Cumberland,[1] filed a Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on June 21, 2006.[2]

(Document No. 141.) By Standing Order, Movant's Motion was referred to the undersigned United

States Magistrate Judge for the submission of proposed findings of fact and a recommendation for

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 143.)

### FACTUAL AND PROCEDURAL BACKGROUND

Movant and co-defendant, James Scott, were charged in a two-Count Indictment filed on

May 8, 2002. (Criminal Action No. 1:02-0102, Document No. 13.) In Count One, Movant and Mr.

Scott were charged with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846. (Id.)

In Count Two, Movant was charged with  possession with the intent to distribute a quantity of

cocaine base, also know as "crack," a Schedule II controlled substance in violation of 21 U.S.C. §

---

[1] The Bureau of Prison's Inmate Locator indicates that Movant is presently incarcerated at FCI Loretto, located in Loretto, Pennsylvania, with a projected release date of October 20, 2014.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

841(a)(1). (<u>Id.</u>) Following a jury trial conducted on May 20 - 22, 2003, Mr. Scott was acquitted of Count One[3] and Movant was convicted of both Counts One and Two as charged in the Indictment. (<u>Id.</u>, Document No. 89.) On May 27, 2003, Movant, by counsel, filed a Motion for Judgment of Acquittal and a Motion for New Trial. (<u>Id.</u>, Document No. 99 and 100.) In support of the Motion for Judgment of Acquittal, Movant alleged that (1) the District Court erred by admitting evidence that was illegally obtained, (2) the District Court erred by accepting a logically inconsistent jury verdict, and (3) there was insufficient evidence to support the verdict that Movant actually possessed the crack cocaine with the intent to distribute. (<u>Id.</u>, Document No. 99.) In his Motion for New Trial, Movant argued that he was entitled to a new trial based on (1) the defective jury selection, (2) the admission of inadmissable evidence, (3) there being insufficient evidence to support the verdict, and (4) the inconsistency of the verdict. (<u>Id.</u>, Document No. 100.) By Memorandum Opinion and Order entered on July 17, 2003, the District Court denied Movant's Motion for Judgment of Acquittal and Motion for New Trial. (<u>Id.</u>, Document No. 106.) A Presentence Investigation Report was prepared. (<u>Id.</u>, Document No. 117.) Movant's Base Offense Level was determined to be 20, and it was recommended that Movant's sentence be enhanced to level 32 because he  met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1. (<u>Id.</u>, ¶¶ 27 and 34.) Counsel made several objections to the presentence report, including an objection to Movant's status as a career offender. (<u>Id.</u>, pp. 21 - 27.) Movant was sentenced on December 2, 2003. The District Court determined that Movant had a Base Offense Level of 20, and a Total Offense Level of 32, having increased the level pursuant to U.S.S.G. § 4B1.1. (<u>Id.</u>, Document No. 128, Transcript of Sentencing Hearing, p. 16.) The District

---

[3]  Mr. Scott was not charged in Count Two of the Indictment. (Criminal Action No. 1:02-0102, Document No. 13.)

2

Court ordered that Movant serve a 216-month term of incarceration to be followed by a three-year term of supervised release.[4] (Id., Document No. 119.) The District Court also imposed a $200 special assessment. (Id.) On December 12, 2003, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 120.) In his appeal, Movant argued that (1) the District Court erred in denying his motion to suppress; (2) there was insufficient evidence to support his conviction of possession with the intent to distribute; (3) Movant cannot be constitutionally convicted of conspiracy when his sole co-conspirator James Scott was acquitted; and (4) the District Court erred by sentencing him as a career offender under the Federal Sentencing Guidelines. The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on June 20, 2005. United States v. Collins, 412 F.3d 515 (4th Cir. 2005).[5]

On June 21, 2006, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 1:06-0490, Document No. 141.) As grounds for _habeas_ relief, Movant alleges as follows: (1) "Movant's actual innocence from conspiracy (one man conspiracy didn't meet the burden of proof of an actual conspiracy);" (2) "Formal

---

[4]  The District Court ordered that "Defendant is sentenced to 216 months as to Count One and 216 months as to Count Two, sentences to run concurrently. (Criminal No. 1:02-0102, Document No. 119.)

[5]  The undersigned notes that on November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file petitions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions. On October 23, 2008, the District Court notified Movant that pursuant to 18 U.S.C. § 3582(c)(2), it was considering whether Movant's sentence should be reduced based on the reduction in the applicable sentencing guidelines. (Criminal Action No. 1:02-0102, Document 148.) Subsequently, Responses were filed by the United States and Movant. (_Id._, Document No. 149 and 150.) By Memorandum Opinion and Order entered on February 11, 2009, the District Court denied Movant's Motion for a Sentence Reduction finding that Movant was sentenced as a career offender and the guideline range applicable to defendant was not lowered as a result of the amendment. (_Id._, Document No. 151.)

order of consolidation from State Court on previous cases moved Movant to 'Career Offender' status;" (3) "Insufficient evidence of possession with intent to distribute;" (4) Ineffective assistance of counsel; and (5) "Use of Movant's Presentence Investigation Report (PSR) to enhance Movant's sentence." (Id., pp. 14 - 19.) In claiming ineffective assistance of counsel, Movant states that counsel failed to (1) "ask for separation of the co-defendant," (2) "raise the issue of the amount of drugs in the evidence bag during the trial," (3) "communicate with Movant about an appeal," and (4) "notify Movant of any pleas that could be raised." (Id., p. 17.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional

4

in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1.     **Procedurally Defaulted Claims.**

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes that four out of five of Movant's substantive challenges to his sentence represent an improper attempt to re-litigate issues fully resolved on appeal.

The Court will address below each of Movant's grounds for relief.

      **A.    Conspiracy Conviction:**

Movant alleges that his conspiracy conviction is invalid because a "one man conspiracy didn't meet the burden of proof of an actual conspiracy." (Document No. 141, p. 14.) Movant states that a "conspiracy requires that 'two' or more people have an agreement and/or understanding on breaking the law [and] Movant's only co-defendant was found innocent of his charge." (Id.) Therefore, Movant alleges that his conspiracy conviction is invalid because his co-defendant was acquitted of the conspiracy charge. (Id.) Movant clearly raised the above issue in his direct appeal. The Fourth Circuit rejected Movant's above claim finding as follows:

> Collins also argues that we should overturn his conspiracy conviction because he cannot constitutionally be convicted of a conspiracy when his co-conspirator Scott was acquitted. Collins argues that because the same jury that convicted him acquitted his sole co-conspirator of the conspiracy, the inconsistent verdict cannot stand. The law is well established on this point. In *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), the Supreme Court held that a defendant is not entitled to a new trial when the jury reaches an inconsistent verdict. In *United States v. Thomas*, 900 F.2d 37 (4th Cir. 1990), based on the holding in *Powell*, this Court declined to overturn a defendant's conspiracy conviction when the defendant's co-conspirator was acquitted of the conspiracy charge. *See Thomas*, 900 F.2d at 40 ("According to the Supreme Court, inconsistent verdicts should not necessarily be interpreted as a windfall to the Government at the defendant's expense."). Collins' case is indistinguishable from these two cases. Accordingly, we hold that Collins' conviction should not be reversed because his co-conspirator was acquitted.

Collins, 412 F.3d at 519 - 20. Therefore, Movant's above claim is procedurally barred because Movant is seeking to revisit the same issue that was rejected on direct appeal without directing the Court to any intervening change in law which authorizes him to do so.

      **B.    Career Offender Status:**

In ground two, Movant argues that the District Court erred in applying a career offender enhancement. (Document No. 141, p. 15.) Specifically, Movant contends that the District Court

improperly classified Movant as a career offender. (Id.) Movant complains that the District Court erred in using his two prior State convictions to "label Movant as a "Career Offender'" because there was a "formal order of consolidation from the State Court which meant the two prior convictions were actually consolidated as one conviction." (Id.) Thus, Movant alleges that "[w]ithout 2 prior convictions, Movant would not have been labeled as a 'career offender.'" (Id.) The above issue was raised on direct appeal and specifically rejected by the Fourth Circuit. The Fourth Circuit addressed the issue as follows:

> Collins next challenges the district court's sentencing calculation by arguing that the judge should not have applied the Sentencing Guidelines § 4B1.1 career offender enhancement to him. At the time of his sentencing, Collins had two previous felony convictions - one for a crime of violence and one for a controlled substance offense. At Collins' sentencing, the judge applied the § 4B1.1 enhancement to him on account of these offense.
>
> Collins does not dispute that the § 4B1.1 enhancement otherwise would apply to him, but argues that his two previous offenses are related under the meaning of Guideline § 4A1.2 and therefore should have been treated as one offense for purposes of sentencing. Collins argues that his prior offenses are related because they occurred in the same area and during the same general time frame, they were consolidated for plea and sentencing, and a judge ordered the sentences for both offenses to run concurrently. In addition, between the time of this trial and sentencing in the federal district court, Collins obtained a *nunc pro tunc* order from a state court judge consolidating the cases. The text of the Sentencing Guidelines is instructive on this point. The commentary to Guideline § 4A1.2 states: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." USSG § 4A1.2 comment. (n. 3). Collins concedes that an intervening arrest separated the two prior offenses. Accordingly, the district judge properly found Collins to be a career offender under the Guidelines because the two offense are not related for sentencing purposes.

Collins, 412 F.3d at 520. Accordingly, Movant's above claim challenging his status as a career offender is procedurally barred because Movant is seeking to revisit the same issue that was rejected on direct appeal without directing the Court to any intervening change in law which authorizes him to reassert his claim in his Section 2255 Motion.

### C.       Insufficient Evidence of Possession with Intent to Distribute.

In ground three, Movant claims that there was insufficient evidence to support his conviction for possession with the intent to distribute.[6] (Document No. 141, p. 16.) Citing <u>United States v. Hunt</u>, 129 F.3d 739 (5th Cir. 1997), Movant argues that "drug paraphernalia that could be consistent with personal use, does not provide sound basis inferring intent to distribute drugs." (<u>Id.</u>) Thus, Movant states that his "lengthy history of drug use implies personal use." (<u>Id.</u>) The Fourth Circuit specifically rejected the above claim on direct appeal finding as follows:

> However, when a defendant challenges the sufficiency of the evidence on appeal, "the relevant question is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Fisher*, 912 F.2d at 730. Applying this standard, we conclude that a rational trier of fact could have found Collins guilty of possession of cocaine base with the intent to distribute.

> The government presented evidence that two experienced narcotics officers encountered Collins and Scott in a parked vehicle in a high drug-trafficking area. The vehicle was parked in front of any empty lot. Scott motioned the officers over and asked them, "what do you need?" Detective Bailey testified that he took this statement to mean that Scott was offering to sell drugs. The government proved that the other man, Collins, had drugs in his possession. From this evidence, the jury could infer that the two men were acting in concert with the objective of selling drugs - Scott was offering to sell the drugs that Collins had in his possession.

> Scott testified that he motioned the police officers over because he mistakenly thought they were his friends, and he said "what do you all want?" when he realized he did not know them. However, the jury was free to discredit his testimony because he was a

---

[6] Movant also appears to be alleging that the drugs admitted into evidence at trial were not the same drugs that were confiscated at his arrest. (Document No. 141, p. 16.) Specifically, Movant states as follows: "The drugs used at trial as evidence, were a different color than the drugs confiscated at Collins' arrest. At his arrest, there were approximately 5 grams of white chunk material and 2.59 grams of tan chunk material. Officer Bailey testified to this. Also, during the break, the drugs were brought over to the defense table and Movant Collins noticed a difference in the amount in the bag and told his attorney about it. Movant notified that there was more in the bag than the stated 2.59 grams." (<u>Id.</u>) The undersigned finds that the above issue is non-constitutional in nature and Movant clearly failed to raise the above issue on direct appeal. Therefore, Movant has waived the right to contest the above issue in Section 2255 proceedings.

> convicted felon, because his testimony conflicted with that of other witnesses, and
> because of his obvious bias. The jury could therefore infer that Collins possessed the
> cocaine base with the intent to distribute it.
>
> There is more evidence of the intent to distribute in this case than in *United States v.*
> *Fountain*, 993 F.2d 1136 (4th Cir. 1993), which Collins advances to support his
> position. In *Fountain*, we found there was insufficient evidence of possession with the
> intent to distribute when the police found the defendant standing around in a high drug-
> trafficking area with three separately packaged baggies of marijuana totaling 2.3 grams
> in his sock. *Fountain*, 993 F.2d at 1137 - 38. Here, the statement of Scott to the police
> officers provides evidence of the intent to distribute beyond mere evidence of
> possession of drugs in a high drug-trafficking area, which was all that was present in
> *Fountain*.

Collins, 412 F.3d at 519. Therefore, Movant's above claim challenging the sufficiency of the evidence

is procedurally barred because Movant is seeking to revisit the same issue that was rejected on direct

appeal without directing the Court to any intervening change in law which authorizes him to do so.

### D.    **Booker** Claim:

In ground five, Movant alleges that the District Court violated Booker by finding that Movant

was a career offender based upon information contained in his presentence report. (Document No. 141,

p. 19.) Specifically, Movant alleges that the District Court "enhanced Movant based upon information

contained in Movant's Presentence Investigation Report, to enhance Movant above his statutory

sentence without the jury hearing said enhancements . . . was a definite violation of the Movant's Sixth

Amendment rights." (Id.) The Fourth Circuit addressed and rejected the above claim on Movant's

direct appeal. The Fourth Circuit stated as follows:

> Before imposing Collins' sentence, the judge made two post-verdict factual findings
> that potentially violated *Booker*. * * * First, as discussed *supra*, the judge found Collins
> to be a career criminal based on his prior convictions and applied the § 4B1.1
> enhancement to him. This enhancement increased Collins' Guidelines offense level
> from a twenty to a thirty-two. J.A. 481. The *Apprendi* line of cases carves out an
> exception for enhancements based on the fact of a prior conviction. *See Apprendi v.*
> *New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)("Other than
> the fact of a prior conviction, any fact that increases the penalty for a crime beyond the
> prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt."); *Booker*, 125 S.Ct. at 756 (same, citing *Apprendi*); *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005)(same, citing *Apprendi* and *Booker*). However, in light of *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *United States v. Washington*, 404 F.3d 834 (4th Cir. 2005), we must determine whether the judge's application of the career offender enhancement to Collins falls within the *Apprendi* "fact of a prior conviction" exception or whether it potentially violates the Sixth Amendment under *Booker*.

In *Shepard v. United States*, the Supreme Court held that a sentencing court cannot look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction. *See Shepard*, 125 S.Ct. at 1263(stating that the sentencing judge's finding about the disputed fact of whether the defendant's prior conviction was for generic burglary is "too far removed from the conclusive significance of a prior judicial record" to fall within the *Apprendi* exception for prior convictions). This holding prompted us to consider in *United States v. Washington* whether the Sixth Amendment is violated when a district judge makes findings of fact regarding the circumstances of a defendant's prior convictions, and then relies on these findings to enhance the defendant's sentence. *Washington*, 404 F.3d at 838. This question implicated "the scope of the 'fact of a prior convictions' exception to the Sixth Amendment protections outlined in *Apprendi v. New Jersey*." *Id.* In *Washington*, the sentencing judge made the determination, after fact-finding, that the defendant's prior conviction of breaking and entering into the offices of a drug and violent crime task force was a "crime of violence" for purposes of Federal Sentencing Guideline § 2K2.1(a). *Washington*, 404 F.3d at 837. We found that the resulting enhancement of the defendant's sentence did not fall within the *Apprendi* "fact of a prior conviction" exception and thus violated the Sixth Amendment. *Id.* at 843. Similarly, in this case we must determine whether the district judge's finding that the career offender enhancement applied to Collins falls within the *Apprendi* "fact of a prior conviction" exception.

In order to conclude that the Sentencing Guidelines career offender enhancement applied to Collins, the judge first determined that Collins' prior convictions were either a "crime of violence" or a "controlled substance offense," as defined by Guideline § 4B1.1 Collins' prior offenses were for possession of crack cocaine with the intent to deliver and malicious wounding. J.A. 483 - 84, ¶¶ 39, 41. It is undisputed that these crimes were either a "crime of violence" or a "controlled substance offense" as defined by § 4B1.1, and it was not necessary for the judge to make any findings about the circumstances of these convictions in order to reach this conclusion. Next, the judge found that the two offenses were separated by an intervening arrest, and thus concluded that they were not related for purposes of § 4B1.1 At the sentencing hearing, Collins conceded that the two offenses were separated by an intervening arrest. *See* J.A. 436 - 37. Therefore, because there was no dispute regarding the fact that the offenses were separated by an intervening arrest, the judge did not need to enter into any fact finding regarding a disputed fact about a prior conviction within the meaning of *Washington*

10

and *Shepard*. For this reason, we do not need to address whether this finding was "too far removed from the conclusive significance of a prior judicial record" to implicate the Sixth Amendment. *Shepard*, 125 S.Ct. at 1262; *Washington*, 404 F.3d at 842 (*quoting Shepard*). This case can thereby be distinguished from *Shepard* and *Washington*, and the judge's application of the career offender enhancement to Collins falls within the *Apprendi* exception. Accordingly, the judge's finding that the career offender enhancement applied to Collins does not violate the Sixth Amendment under *Booker*.

Collins, 412 F.3d at 521 - 23. Accordingly, Movant's above claim is procedurally barred because Movant is seeking to revisit the same issue that was rejected on direct appeal without directing the Court to any intervening change in law which authorizes him to reassert his claim in his Section 2255 Motion.

**2.    Movant's Claims of Ineffective Assistance of Counsel.**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

A convicted defendant making a claim of ineffective assistance must identify the acts

11

> or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.      Movant's Claim that Trial Counsel Failed to Request Severance.

Movant alleges that his trial counsel was ineffective in his failure to request a severance of

co-defendant's trial. (Document No. 141, p. 17.) Specifically, Movant argues that "[w]hen counsel failed to move for separation of the co-defendant's trial, resulted in damning testimony by Movant's co-defendant." (Id.)

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense." Assuming there is proper joinder, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). The Fourth Circuit has stated that this "presumption is especially strong in conspiracy cases." United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007), citing United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990); also see United States v. Akinkoye, 185 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1177, 145 L.Ed.2d 1111, 120 S.Ct. 1209 (2000)(stating that defendants charged with participation in the same conspiracy are generally to be tried jointly). Severance is proper "only if there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 538, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). There is no right to severance because the evidence is stronger against one defendant, Harris, 498 F.3d at 291 - 92, or because the defendants may have a better chance of acquittal in separate trials, Zafiro, 506 U.S. at 540, 113 S.Ct. at 938.

Even assuming trial counsel was objectively unreasonable in failing to file a Motion for Severance, Movant fails to establish how he was prejudiced. Movant and his co-defendant were clearly joined and charged in the same indictment with conspiracy. Movant fails to allege any

special circumstances which would justify severance. Movant does not allege that the joint trial compromised a specific trial right, or prevented the jury from making a reliable judgment about guilt or innocence. Movant merely alleges that he was subjected to "damning testimony of Movant's co-defendant." Clearly, the fact that the evidence was stronger against Movant, or the possibility that Movant had a better chance of acquittal in a separate trial, does not constitute a special circumstance warranting severance. Therefore, Movant's ineffective assistance of counsel claim on this ground should be dismissed.

**B.    Movant's Claim that Trial Counsel Failed to Object to Drug Evidence.**

Movant contends that "counsel failed to raise the issue of the amount of drugs in the evidence bag during the trial when noticed by Movant." (Document No. 141, p. 17.) Specifically, Movant states as follows:

> The drugs used at trial as evidence, were a different color than the drugs confiscated at Collins' arrest. At his arrest, there were approximately 5 grams of white chunk material and 2.59 grams of tan chunk material. Officer Bailey testified to this. Also, during the break, the drugs were brought over to the defense table and Movant Collins noticed a difference in the amount in the bag and told his attorney about it. Movant notified that there was more in the bag than the stated 2.59 grams.

(Document No. 141, p. 16.) First, the undersigned finds that the decision whether to object to evidence is a question of strategy for trial counsel. An attorney's strategic decision is presumed reasonable and protected from second guessing under Strickland. Furthermore, there is no evidence that Movant was prejudiced by counsel's failure to object to the drug evidence. Although Movant alleges that it appeared to be more than 2.59 grams of drugs in the bag presented at trial, Movant was not convicted of possessing a specific amount of drugs. Movant was merely convicted of possession with the intent to distribute. Accordingly, Movant's ineffective assistance of counsel claim on this ground should be dismissed.

14

**C.      Movant's Claim that Trial Counsel Failed to Communicate.**

Next, Movant claims that counsel was ineffective based upon his failure to "communicate with Movant about an appeal." Specifically, Movant alleges that counsel "failed to allow Movant to have any input on his appeal." In Movant's direct appeal, counsel asserted the following grounds of error: (1) the District Court erred in denying Movant's motion to suppress; (2) there was insufficient evidence to support Movant's conviction of possession with the intent to distribute; (3) Movant cannot be constitutionally convicted of conspiracy when his sole co-conspirator James Scott was acquitted; and (4) the District Court erred by sentencing Movant as a career offender under the Federal Sentencing Guidelines. Although Movant alleges that counsel failed to allow him to have "any input on his appeal," Movant fails to state what other grounds counsel should have raised on direct appeal. The undersigned notes that Movant raises nearly identical grounds of error in the instant Motion as were raised by counsel in Movant's direct appeal. Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The"[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Thus, Movant has failed to demonstrate how counsel's alleged failure to communicate or allow Movant's input resulted in prejudice. Therefore, Movant's claim of ineffective assistance of counsel on the above ground

15

should be dismissed.

**D.      Failure to Notify.**

Finally, Movant alleges that counsel "failed to notify Movant of any pleas that could be raised." (Document No. 141, p. 17.) A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how trial counsel was ineffective in failing to "notify Movant of any pleas that could be raised." Further, Movant fails to allege how counsel's above failure resulted in prejudice. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody  (Document No. 141.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

16

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: May 6, 2009.

R. Clarke VanDervort
United States Magistrate Judge